2006 WY 149

**BOARD OF PROFESSIONAL RE-
SPONSIBILITY, WYOMING
STATE BAR, Petitioner,**

v.

**Donald Joseph KEENAN, Wyoming State
Bar Attorney # 5-2316, Respondent.**

**No. D-06-7.**

Supreme Court of Wyoming.

Dec. 13, 2006.

---

### ORDER OF PUBLIC CENSURE

**This matter** came before the Court upon a "Report and Recommendation for Public Censure," filed herein October 30, 2006, by the Board of Professional Responsibility for the Wyoming State Bar. The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation, Bar Counsel's "Motion for Public Censure and to File a Report and Recommendation for Discipline," the Respondent's "Section 16 Affidavit," and the file, finds that the Report and Recommendation should be approved, confirmed and adopted by the Court; and that Respondent Donald Joseph Keenan should be publicly censured in the manner set forth in the Report and Recommendation. It is, therefore,

**ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Public Censure, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

**ADJUDGED AND ORDERED** that Donald Joseph Keenan shall receive a public censure for his conduct, and he shall be publicly censured in a manner consistent with the recommended censure contained in the Report and Recommendation for Public Censure; and it is further

**ADJUDGED AND ORDERED** that, consistent with the Report and Recommendation for Public Censure, if there is another complaint stemming from Respondent's conduct after August 1, 2006, in which he stipulates to or is found to have violated any of the Wyoming Rules of Professional Conduct, Respondent Donald Joseph Keenan will immediately be suspended from the practice of law for two years. This probationary period will last until December 31, 2008; and it is further

**ORDERED** that, pursuant to Section 26 of the Disciplinary Code for the Wyoming State Bar, Donald Joseph Keenan shall reimburse the Wyoming State Bar the amount of $117.78, representing some of the costs incurred in handling this matter, as well as pay administrative fees of $1,500.00. Mr. Keenan shall pay the total amount of $1,617.78 to the Clerk of the Board of Professional Responsibility on or before January 5, 2007; and it is further

**ORDERED** that the Clerk of this Court shall docket this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, as a matter coming regularly before this Court as a public record; and it is further

**ORDERED** that, pursuant to Rule 4(c) of the Disciplinary Code for the Wyoming State Bar, this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

**ORDERED** that the Clerk of this Court cause a copy of the Order of Public Censure to be served upon Respondent Donald Joseph Keenan; and it is further

**ORDERED** that the Clerk of this Court transmit a copy of this Order of Public Censure to members of the Board of Professional Responsibility, and the clerks of the appropriate courts of the State of Wyoming.

DATED this 12th day of December, 2006.

BY THE COURT:

/s/ BARTON R. VOIGT

Chief Justice

## BEFORE THE BOARD OF PROFESSIONAL RESPONSIBILITY

### WYOMING STATE BAR

### STATE OF WYOMING

In the matter of
Donald Joseph Keenan,
WSB Attorney No. 5-2316,
Respondent.

Docket Nos. 2006-01, 2006-06, 2006-10

### REPORT AND RECOMMENDATION FOR PUBLIC CENSURE

The Board of Professional Responsibility makes the following report and recommendation for public censure and additional discipline, with its findings of fact, conclusions of law, and recommendation to the Supreme Court of Wyoming:

### *FINDINGS OF FACT*

1. Respondent is currently an active member of the Wyoming State Bar and has been since 1985. He resides in Riverton, Wyoming. He is a sole practitioner.

#### # 2006-01

2. In the summer of 2005, Respondent was contacted by Dale Dow in regard to partitioning property he co-owned with his sister. He paid Respondent $1000 to start the work. Respondent researched the property, then drafted the petition for partitioning and the summons. It was never filed.

3. Later that fall, Respondent told Mr. Dow that Respondent had filed the action in court, even though Respondent had not.

4. By check dated 20 December 2005, Respondent returned the $1000 to Mr. Dow.

5. Respondent's failure to diligently pursue the case violated Rule 1.3 of the Wyoming Rules of Professional Conduct, and his failure to properly communicate with his client violated Rule 1.4.

#### # 2006-10

6. On 17 June 2004, Respondent represented Teresa Paterson in a custody, paternity and visitation hearing. Thereafter, Respondent was assigned by the judge to draft the appropriate orders stemming from the hearing. Respondent failed to do that; however, on several occasions, Respondent told his client that Respondent had done the paperwork and submitted it to the court.

7. The opposing attorney eventually submitted his version of the proposed orders, and they were signed by the court. Respondent's client then retained another attorney who is apparently filing additional motions to modify the orders.

8. Respondent's failure to diligently pursue the case by submitting the necessary orders violated Rule 1.3 of the Wyoming Rules of Professional Conduct, and his failure to properly communicate with his client violated Rule 1.4.

#### # 2006-06

9. Sometime in 1996, Respondent was retained by Daril Cinquanta to pursue a claim he had in regard to restoration of his classic airplane. The amount in issue was $30,000.

10. In June 1997, Respondent filed a complaint and later had a default entered. Respondent did not at that time seek to obtain a default judgment, but eventually got that done, and the judgment filed in the amount of $30,000. Respondent then proceeded to get a precipe for execution. No collectible assets were found, so Respondent did no further work on the case.

11. At this point, Respondent did not inform his client of the status of the case, but intimated to him that Respondent was working on the case.

12. Respondent's failure to diligently pursue the case violated Rule 1.3 of the Wyoming Rules of Professional Conduct, and his

failure to properly communicate with his client violated Rule 1.4.

### CONCLUSIONS OF LAW

13. Standard 4.43 of the ABA Standards for Imposing Lawyer Sanctions discusses the acts which result in a public censure for violations of Rules 1.3 and 1.4: "Reprimand [or public censure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client."

14. ABA Standards for Imposing Lawyer Sanctions 9.1 provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction. Section 9.21 defines aggravating circumstances as "any consideration, or factors that may justify an increase in the degree of discipline to be imposed." Section 9.31 defines mitigating circumstances as "any considerations, or factors that may justify a reduction in the degree of discipline to be imposed."

   a. Applicable aggravating factors in this case are:

     i. Section 9.22(c)——pattern of misconduct as shown by these three grievances; and

     ii. Section 9.22(i)——substantial experience in the practice of law.

   b. Applicable mitigating factors are:

     i. Section 9.32(a)——absence of a prior disciplinary record.

### RECOMMENDATION TO THE SUPREME COURT OF WYOMING

15. As an appropriate sanction for his violations of Wyoming Rules of Professional Conduct:

   a. Respondent will receive a public censure which states as follows:

    "Riverton attorney Donald Keenan received a formal public censure by order of the Wyoming Supreme Court on _____. Mr. Keenan failed to diligently pursue three legal matters for clients in violation of Rule 1.3 of the Wyoming Rules of Professional Conduct and failed to adequately communicate with those clients in violation of Rule 1.4. The Wyoming Rules of Professional Conduct regulate the conduct of Wyoming attorneys. Mr. Keenan stipulated to these facts and consented to this discipline. The Board of Professional Responsibility approved the stipulation, recommending that the Wyoming Supreme Court publicly censure Mr. Keenan. After reviewing the record and recommendation, the Wyoming Supreme Court entered its order publicly censuring Mr. Keenan, placing him on probation, and requiring him to pay some of the costs of the Wyoming State Bar for prosecuting this matter."

   b. If there is another complaint stemming from Respondent's conduct after 1 August 2006 in which he stipulates to or is found to have violated any of the Wyoming Rules of Professional Conduct, Respondent will immediately be suspended from the practice of law for 2 years. This probationary period will last until 31 December 2008.

   c. Respondent will reimburse the Wyoming State Bar for the costs of handling these matters in the amount of $ 117.78 and pay the administrative fees of $1500.00 no later than 1 December 2006.

This decision is unanimously made by a quorum of the Board of Professional Responsibility. It is therefore so recommended October 30, 2006.

/s/ Joe Teig
Joe Teig, Chair
Board of Professional Responsibility